RACHAEL RIGG et al., Plaintiffs in Error, *v.* HARRY WILTON et al., Defendants in Error.

## ERROR TO ST. CLAIR.

Where a statute is copied from one in another State, which has there received a construction which is consistent with the spirit and policy of our laws, such construction may with propriety be adopted by our courts.

On the trial of an issue out of Chancery arising under Revised Statutes, chap. 109, sec. 6, the burden of proof is on the party affirming the execution and validity of the will, and he has the right to open and conclude the argument of the cause.

Under such an issue, the party holding the affirmative, is bound to prove that the contested paper is the last will and testament of the testator.

Notwithstanding the probate, the issue is to be submitted to the jury as a new and original question, to be determined exclusively upon the evidence introduced before them. The trial is *de novo*, and without regard to the fact, that the instrument has been admitted to probate.

The certificate of the oaths of the attesting witnesses at the time of the probate, may be offered in evidence by either party; but it is to receive such weight only, as the jury may think it deserves, in connection with the other proof in the case.

The indispensable requisites of a will are that it must be signed by the testator, or by some one in his presence and by his direction, and be attested in his presence by two or more witnesses.

On the question of the sanity of the testator, no particular *quantum* of evidence is necessary in order to sustain the validity of the will, upon the trial of an issue out of Chancery, under the statute; but the jury should determine the facts upon the weight of evidence, as in other cases. It is not essential that the subscribing witnesses should be called, or that when called they should concur in their testimony; other witnesses may be examined, even to contradict the subscribing witnesses.

| 13 | 15 |
|---|---|
| 122 | 563 |
| 13 | 15 |
| 29a | 420 |
| 13 | 15 |
| 134 | 304 |
| 13 | 15 |
| 146 | 343 |
| 13 | 15 |
| 148 | 43 |
| 13 | 15 |
| 153 | 231 |
| 153 | 629 |
| 13 | 15 |
| 54a | 323 |
| 13 | 15 |
| 61a | 70 |
| 13 | 15 |
| 168 | 478 |
| 13 | 15 |
| 172 | 425 |
| 13 | 15 |
| 180 | 435 |
| 13 | 15 |
| 183 | 44 |
| 13 | 15 |
| 187  1 | 71 |
| 13 | 15 |
| 110a  4 | 82 |
| 110a  5 | 86 |

THE statement of this case is contained in the opinion of the Court. This cause was heard before Koerner, Justice, and a jury, at April Term, 1848, of St. Clair Circuit Court. The jury found for the defendants, declaring that the will was the will of Clement Rigg. The errors assigned were the refusal of the Circuit Court to give the instructions asked for by the plaintiffs in error, and the refusal of a new trial.

W. H. UNDERWOOD, for plaintiffs in error.

In trials before a Probate Court, and in appeals therefrom, two subscribing witnesses must concur in their opinion of the

sound mind and memory of the testator.   Walker *v.* Walker, 2 Scam. 294.   Or if probate is disallowed, on appeal, other evidence of sanity may be introduced.  Revised Laws, 596.  Lewis *v.* Morris, 1 Dallas, 308.

On such appeal, the executor has the affirmative.   Brooks *v.* Barrett, 7 Pick. 98.   And when defendant proves insanity of testator before making will, the presumption is, that such state of mind continued to the time of making the will, unless the contrary is established.   2 Greenleaf's Ev. § 689.

On a feigned issue, two witnesses must each testify to all the facts necessary to establish the will.   2 Daniel's Ch. Prac. 1019, 1021.   Burwell *v.* Corbin, 1 Rand. R. 131, 141.   Hock *v.* Hock, 6 Serg. & Rawle, 47.

G. Koerner, for defendants in error.

2 Starkie on Ev. 1266, note (*h*), 126, note (*m*).

Treat, C. J.   This was a feigned issue out of Chancery to determine the question, whether a certain paper was the last will and testament of Clement Rigg.   The plaintiffs alleged that it was not his last will and testament; the defendants affirmed that it was.   On the trial, the defendants were allowed to open and conclude the case; and both of the subscribing witnesses to the will were introduced, and testimony was offered tending to show that Rigg was of unsound mind and memory at the time of the execution thereof.   The plaintiffs asked the court to instruct the jury: *First,* " That proof by one subscribing witness, that the testator executed said will, and that said witness believes the testator to be of sound mind and memory at the time, is not sufficient to establish said will."   *Second,* " That the sanity of the testator at the time of the execution of said paper writing, is an affirmative fact, to be established by those affirming the validity of said will, and who hold the opening and conclusion of the case before the jury."   *Third,* " That unless the jury are satisfied from the evidence, that the sound mind and memory of the said Clement Rigg, at the time of the execution of the said paper writing, have been established, either

by the concurring testimony of the two subscribing witnesses, to their belief of his sound mind and memory at the time, or by other circumstances satisfying them of his sound mind and memory at that time, they are bound to find said paper writing not to be the will of said Rigg." The instructions were refused, and the plaintiffs excepted. The jury found the issue in favor of the defendants, and they had judgment.

This proceeding was had under the 6th section of the 109th chap. of the Revised Statutes, which is in these words: "That if any person interested, shall, within five years after the probate of any such will, testament, or codicil in the Court of Probate, as aforesaid, appear, and, by his or her bill in chancery, contest the validity of the same, an issue at law shall be made up, whether the writing produced be the will of the testator or testatrix, or not; which shall be tried by a jury in the Circuit Court of the county wherein such will, testament, or codicil shall have been proved and recorded, as aforesaid, according to the practice in courts of chancery in similar cases; but if no such person shall appear within the time aforesaid, the probate as aforesaid shall be forever binding and conclusive on all the parties concerned, saving to infants, *femes covert*, persons absent from the State, or *non compos mentis*, the like period after the removal of their respective disabilities. And in all such trials by jury, as aforesaid, the certificate of the oaths of the witnesses at the time of the first probate, shall be admitted as evidence, and to have such weight as the jury shall think it may deserve."

This provision is in substance a transcript of the 11th and 15th sections of a statute of Kentucky, passed on the 24th of February, 1797, except that the latter statute expressly authorizes the court to grant new trials as in other cases, and a party may appear and contest a will within seven years after it is admitted to probate. But these differences are unimportant as respects this case. It may, therefore, be proper to ascertain what interpretation has been given to the Kentucky statute, by the courts of that State. And if it has there received a definite construction, and one that is consistent with the spirit and policy of our laws, it may with propriety be applied to the statute under consideration. It was decided in Haydon *v.* Haydon, 6 J. J. Marshall, 48,

2 *

and Rogers *v.* Thomas, 1 B. Mon. 390, that on the trial of an issue under the statute, the burden of proof is on the party affirming the execution and validity of the will, and consequently that he has the right to open and conclude the case. In the latter case, the court held that such party is bound to prove affirmatively that the contested paper is the last will and testament of the testator. The issue is to be submitted to the jury as a new and original question, and determined exclusively upon the evidence introduced before them. The trial is *de novo*, and without regard to the fact that the instrument has been admitted to probate. The certificate of the oaths of the witnesses at the time of the probate, may be offered in evidence by either party; but it is to receive such weight only as the jury may think it deserves, in connection with the other proof in the case.

We are satisfied that this rule of construction is sound and reasonable, and well calculated to carry out the real intentions of the legislature. In practice it will best promote the ends of justice, and protect the right of parties. Wills are generally admitted to probate upon the *ex parte* statements of the attesting witnesses, when no opportunity is afforded the parties interested to appear and insist on their rights. The object of the statute in question is to give them the benefit of a full and thorough investigation of all the circumstances attending the execution of the will. And they are not to be embarrassed or prejudiced, by the previous proceedings before the probate court. The party who relies on the will is called upon to prove anew its execution and validity. And what he is required to prove to sustain the instrument, the other party is permitted to disprove in order to defeat it. There are some indispensable requisites to the due execution of a will. It must be signed by the testator, or by some one in his presence and by his direction; and attested in his presence, by two or more witnesses. A paper that has not thus been subscribed and witnessed, has no force or effect as a will under our statute. But as to all other questions affecting its validity, such, for example, as the sanity or capacity of the testator, no particular *quantum* of evidence is necessary on the trial of an issue under the statute. The jury are to hear the proofs submitted by the parties, and decide the issue as they

would any other question of fact, according to the weight of the evidence. Nor is it essential that the proof should be made by particular witnesses. The subscribing witnesses need not concur in testifying to the sound mind and memory of the testator; and the will may be even established against their testimony. The party sustaining the will is not bound to call them, although a failure to do so, unexplained, might be regarded as a suspicious circumstance. It is enough, that the jury are convinced, from any legitimate testimony, of the sanity and capacity of the testator. It would indeed be a harsh rule to hold, that after a lapse of many years, a will could only be established by the concurring testimony of two of the subscribing witnesses. They may be in the interest of the assailants of the will, or beyond the reach of those seeking to sustain it. It may be true, that in the admission of a will to probate in the first instance, two of the attesting witnesses must declare the circumstances under which it was executed, and their belief that the testator was of sound mind and memory. But the reasons for such a requisition are to be found in the fact, that the will may be presented by the executor, and admitted to record, upon the *ex parte* testimony of the witnesses, without notice to the parties interested, and without an opportunity on their part to appear and resist the application. But these reasons do not exist in the case of the trial of an issue out of chancery. In such case, the parties are brought before the court for the express purpose of having all questions respecting the validity of the will forever put at rest. It was clearly the design of the legislature that an issue under the statute, should be determined like every other issue out of chancery, upon the weight and preponderance of the testimony adduced by the parties. This may be gathered from the expression in the statute, that the issue shall be tried by a jury, "according to the practice of courts of chancery in similar cases." And it is further evidenced, by the provisions of an act of the 25th of February, 1845, which declares, that when probate of a will shall be refused, and an appeal shall be prosecuted, the party seeking probate may support the will, by any evidence that would be competent on the trial of an issue out of chancery, for the purpose of contesting the validity thereof.

In our view of this case, the *second* instruction was correct, and the court erred in refusing it. The judgment must, therefore, be reversed, and the cause remanded, for another trial of the issue.

*Judgment reversed.*