CLEMENT BEVELOT

*v.*

HONORINE LESTRADE *et al.*

*Filed at Mt. Vernon November 23, 1894.*

1. WILLS—*what degree of evidence will sustain.* The judgment of a trial court sustaining a will will not be reversed, no error of law appearing, if the evidence of the successful party, considered by itself, is sufficient to sustain the verdict.

2. SAME—*mere affection is not undue influence.* Influence acquired through affection and honest persuasion, not of such force as to destroy free agency, is not such undue influence as will invalidate a will.

3. SAME—*sickness of testator is not want of capacity.* Sickness of a testator, even to the extent of being in a dying condition, does not prove want of capacity to make a will, if, when aroused, his mind acts clearly in respect to the thing to be done.

4. TRIAL—*who may open and close in contest of will.* The burden of sustaining a will being upon the party affirming its validity, such party should open and close.

5. EVIDENCE—*declarations of testatrix—when inadmissible.* Declarations of a testatrix showing her kindly relations with a contestant excluded from the will, while sometimes admitted to show mental condition, are not admissible to invalidate her will.

6. NEW TRIAL—*witness talking with juror not ground for.* The fact that a witness of one party converses with a juror does not invalidate the verdict, it being shown that their conversation did not relate to the case.

7. WITNESS—*wife of contestant not competent.* The wife of the contestant of a will, where the opposite party defends as devisee, is not a competent witness.

APPEAL from the Circuit Court of St. Clair county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Messrs. KNISPEL & ROPIEQUET, for the appellant:

The contents of a will should be considered in connection with the testator's disposition and affection and declarations about it, as indicating whether there was extraneous influence. Woerner on Administration, 48; *Potter* v. *Baldwin*, 132 Mass. 428; *McLaughlin* v. *Devitt*, 63 N. Y. 21.

When the testamentary capacity of a testator and undue influence are at question, it becomes material to know what were his purposes, intentions and state of mind, and statements before and after making the will are competent evidence for these purposes. *Thompson* v. *Isch*, 99 Mo. 160; 1 Redfield on Wills, (4th ed.) 538; *Beaubien* v. *Cicotte*, 12 Mich. 459; *Riggins* v. *Adams*, 90 Ill. 134; *Cockeram* v. *Cockeram*, 17 Ill. App. 606.

A testator's acts and declarations, before and at the time of making the will, showing friendly and affectionate feelings for a son or other relative excluded therefrom, are competent evidence on question of undue influence. *Gilbert* v. *Gilbert*, 58 Am. Dec. 268.

The right to open and close belongs to the party who seeks to alter the existing state of things. 17 Am. & Eng. Ency. of Law, 203.

Every appearance of the want of impartiality on the part of juries must be discountenanced. *Railroad Co.* v. *Davis*, 130 Ill. 155.

In the trial of a cause, the appearance of evil should be as much avoided as evil itself. *Bradbury* v. *Coney*, 62 Me. 223.

For even the least intermeddling with jurors a verdict will always be set aside. *Knight* v. *Inhabitants of Freeport*, 13 Mass. 218.

Messrs. DILL & SCHAEFER, for the appellees:

The burden of proof being on the proponent of the will, he has the right to open and close. *Rigg* v. *Wilton,* 13 Ill. 15; *Potter* v. *Potter,* 41 id. 80; *Tate* v. *Tate,* 89 id. 42; *Moyer* v. *Swigart,* 125 id. 262; *Carpenter* v. *Bank,* 119 id. 352.

While inequality in the distribution of property may be considered as a circumstance tending to establish undue influence or unsoundness of mind, it is not, of itself, sufficient for this purpose. *Pooler* v. *Cristman,* 145 Ill. 413; *Francis* v. *Wilkinson,* 147 id. 383.

In this class of cases it is proper to inquire into the business affairs of the family, and to show what has been done for each member. *Francis* v. *Wilkinson,* 147 Ill. 370; *Mueller* v. *Rebhan,* 94 id. 142.

Instructions 4, 5 and 6 are copied from instructions approved in *Dickie* v. *Carter,* 42 Ill. 376. In *Keithley* v. *Stafford,* 126 Ill. 507, it was held improper for the court to characterize the will as the "pretended" will. Instruction 7, in relation to sick persons, is drawn upon the law as announced in *Campbell* v. *Campbell,* 130 Ill. 466.

As to what it takes to constitute undue influence, see *Dickie* v. *Carter,* 42 Ill. 376; *Roe* v. *Taylor,* 45 id. 491; *Yoe* v. *McCord,* 74 id. 44; *Francis* v. *Wilkinson,* 147 id. 383.

A will cannot be invalidated by parol declarations made previously or subsequently. (*Dickie* v. *Carter,* 42 Ill. 376.) Such declarations are only admissible to prove mental condition. *Massey* v. *Huntington,* 118 Ill. 88; *Francis* v. *Wilkinson,* 147 id. 384.

Mary Jane Bevelot is an incompetent witness. She is the wife of appellant. *Treleaven* v. *Dixon,* 119 Ill. 548.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill to set aside the will of Margaret Bevelot, deceased, upon the alleged grounds of mental incapacity and undue influence. The testatrix died on December 2, 1892, leaving two sons, the appellant, Clement Bevelot,

and the appellee, Louis Bevelot, and one daughter, the appellee, Honorine Lestrade. Her will was made early in the morning on November 29, 1892. By its terms she left $25.00 to each of her sons, and all the balance of her estate to her daughter, Mrs. Lestrade, with whom she lived when she died.

So far as the charge of mental incapacity is concerned, we do not think that it is sustained by the proofs. Owing to the nature of her last sickness, the testatrix was required by her physician to take doses of brandy at certain intervals. But beyond a certain drowsiness occasionally produced by the stimulant which it was necessary to give her, we see nothing to indicate that she did not have sufficient mental capacity to make her will. The testimony of both sides is to the effect that she was of sound mind.

As to the charge of undue influence, the evidence is conflicting. When the will was drawn there were present in the room with the testatrix three persons, Andrew Touchette, who drew the will, and whom she herself had sent for for that purpose, and the two subscribing witnesses, Josephine Bertrand and Francis Weiser. The two latter witnesses swear that the testatrix dictated her will; that it was written in accordance with her directions, read to her in English, and then translated and explained to her in French; that she pronounced it all right, and signed it by making a cross with the pen. These witnesses also swear, that Mrs. Lestrade came in and brought a deed and then went out of the room, and was not present when the will was drawn, and made no suggestion as to what it should contain. On the other hand, Touchette swears, that the testatrix told him she wanted her property divided equally among her three children, but that her daughter, Mrs. Lestrade, told her not to make such a will as the creditors of one of her brothers would seize his share, but to give it all to her, and she would sell it and divide the proceeds with them.

The testimony of Touchette is not only contradicted by several witnesses, but by his own admissions, and by contradictory statements made by himself in his saloon, and elsewhere.   He admitted on cross-examination, that he had stated that Mrs. Lestrade did not use any undue influence over her mother ; and also answered that he may have said, that Mrs. Lestrade did not speak to her mother when she came into the room but merely brought in ink and paper.   He also said at one time, that, although he had been in jail, he knew how to write a will, and that "this will would stick."

In cases of this kind, where the testimony is conflicting, the finding of the jury will be regarded as conclusive, unless it is clearly against the weight of evidence. We cannot say that it is against the weight of the evidence in this case.   It is also well settled, that, where there is an irreconcilable conflict in the testimony upon which the validity of a will depends, the judgment of the trial court will not be reversed if the evidence of the successful party, considered by itself, is clearly sufficient to sustain the verdict.   (*Moyer* v. *Swigart*, 125 Ill. 262 ; *Calvert* v. *Carpenter*, 96 id. 63).   Such is the case here.   Hence, we are of the opinion that there ought not to be a reversal because of the evidence upon the subject of undue influence.

Appellant, who filed the bill in the court below to set aside the will, complains that it was error to permit the appellee, Lestrade, respondent below, to open and close the case to the jury.   There was no error in this regard. The rule in this State is, that the burden of proof is on the party affirming the execution and validity of the will, and consequently such party has the right to open and conclude the case.   (*Rigg* v. *Wilton*, 13 Ill. 15 ; *Tate* v. *Tate*, 89 id. 42 ; *Moyer* v. *Swigart*, 125 id. 262).

Complaint is made, that counsel for respondent below was abusive in the language used by him towards the witness Andrew Touchette.   The expressions of counsel

might have been milder in tone, but we cannot say that there was any abuse of the right to criticise the testimony of a hostile witness. Here, it was a fair subject of argument to the jury whether the witness had not been successfully contradicted, and whether his conduct was not reprehensible, if, according to his own statement, he drew the will contrary to the desires and directions of the testatrix.

Upon the motion for a new trial, which was overruled, affidavits were read in behalf of appellant alleging that John Touchette, a witness for appellee, Lestrade, upon the trial, was seen talking with one of the jurors, named Sick, at the entrance to the court house at the hour of recess. The affidavits do not state that anything was said by these parties to each other about the case, except that one of them attributes to Touchette a remark so indefinite in its terms and uncertain in its meaning, that it may have referred to some person or transaction not involved in the pending suit. John Touchette was not a party to the suit, and, so far as appears, had no interest whatever in it. Although one of the affidavits states, that he was engaged in consultation with the attorneys of appellee, yet this is denied in a counter affidavit made by one of appellee's counsel. The witness and the juror filed their affidavits, swearing that they had no conversation with each other about the case, but merely passed a few remarks about a matter of business in no way connected with the case on trial, or with anything involved in it. We see nothing in the affidavits filed, which indicates that the juror was tampered with, or in any way improperly influenced; nor is it established that any attempt was made to influence any of the jury in behalf of the appellees. Verdicts should not be set aside upon mere suspicion that a juror has acted improperly. (*Roe* v. *Taylor*, 45 Ill. 485).

The trial court committed no error in refusing to allow the wife of appellant to testify. Appellant was an incom-

petent witness, as he was complainant in the suit, directly interested in the event of it; and the defendant, Mrs. Lestrade, was an adverse party defending as the devisee of a deceased person. (1 Starr & Cur. Stat. chap. 51, sec. 2, page 1072). He being incompetent for the reason thus stated, his wife also was incompetent under the decisions of this Court. (*Treleaven* v. *Dixon*, 119 Ill. 548; *Way* v. *Harriman*, 126 id. 132).

The fact, that complainant was the son of the testatrix, appeared in the evidence, and it is admitted by counsel for appellees that her relations with him were most cordial; so that her kindly relations with the contestant of the will were sufficiently established. It was not error to exclude her declarations made before the execution of the will, and which were in conflict with its provisions. Such parol declarations cannot be shown to invalidate a will. (*Dickie* v. *Carter*, 42 Ill. 376). They are sometimes admitted to prove mental condition. (*Massey* v. *Huntington*, 118 Ill. 80). But they were unnecessary for that purpose here, because it was virtually conceded on both sides that the testatrix was of sound mind when she made her will.

It is claimed, that instructions numbered 4, 5, 6, 7, 8 and 9 given for appellees were erroneous. The instructions numbered 4, 5 and 6 state in substance, that influence, acquired through affection and by honest argument and persuasion, and which does not amount to such moral force or coercion as destroys the free agency of the testator, does not constitute the undue influence which will invalidate a will. We have held such to be the law. (*Dickie* v. *Carter*, 42 Ill. 376; *Francis* v. *Wilkinson*, 147 id. 370; *Nicewander* v. *Nicewander*, 151 id. 156). The seventh instruction correctly states, that, although a testator may be sick at the time of making the will, yet if his mind is sufficiently clear to understand what he is doing, he has sufficient capacity to make his will; and that he has sufficient capacity to make a will when in a dying condition,

if, when his attention is aroused, his mind acts clearly and with discriminating judgment in respect of the act to be done, and its relations. (*Campbell* v. *Campbell*, 130 Ill. 466).

Instruction number 8 authorizes the jury, in determining the credibility of a witness, to take into consideration not only his evidence, but his conduct, demeanor or bearing while on the stand, and instructs them that, if they believe from the evidence that any person who has testified before them as a witness in the case, has wilfully sworn falsely as to any matter material to the issues in the case, then they are at liberty to disregard the evidence of such witness, except in so far as they may find it to be corroborated by other credible evidence given before them in the case. We see no objection to this instruction. (*Crabtree* v. *Hagenbaugh*, 25 Ill. 214; *Howard* v. *McDonald*, 46 id. 123; *Peak* v. *The People*, 76 id. 289). The ninth instruction correctly states in substance, that a signature is just as effective where the testator makes his mark as where he signs his name. (*Robinson* v. *Brewster*, 140 Ill. 649).

A general objection is made, that these instructions assume that the instrument in question was the will of the testatrix, when the question at issue was whether it was her will or not. After a careful examination of the phraseology of the instructions, which we have not attempted here to give, we do not think that they are obnoxious to such a criticism. They fairly leave the main issue, and all the subordinate questions involved in it, to the jury to be determined by them from the evidence.

The decree of the Circuit Court found the instrument presented to be the will of Margaret Bevelot. We think the decree was correct, and it is accordingly affirmed.

*Decree affirmed.*