## Catharine Shaw, William Swaney, Ellen Swaney et al. v Norman H. Camp.

1. WILLS—*Contests to be De Novo.*—In the proceeding to contest a will by bill in chancery, any heir or person interested in the estate may be complainant, and all persons interested must be made parties. The trial is *de novo* without regard to the action of the Probate Court.

2. CONTESTING WILLS—*Questions to be Tried.*—On the contest of a will in chancery the whole question is heard anew, for the purpose of finally settling all questions as to what were the provisions of the will. In order to ascertain this with certainty, it is necessary to examine all

the acts of the testator in that behalf, to consider every part of the alleged instrument, and to pass judgment in the premises regardless of the conclusions reached by the Probate Court.

3. SAME—*Scope of the Inquiry— Wills and Codicils.*—The action of the Probate Court in admitting a will to probate and refusing a paper claimed to be a codicil thereto, does not bind the court in a contest by bill in chancery. Both will and codicil are before it for determination.

**Contest of Will.**—Error to the Circuit Court of Piatt County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

I. A. BUCKINGHAM, S. R. REED and LODGE & HICKS, attorneys for plaintiffs in error.

HENRY G. MILLER and NORMAN H. CAMP, attorneys for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The record in this case is the same as in the preceding case of Camp et al. v. Shaw et al.

Here the writ of error is brought by the complainants in the original bill in order to question that portion of the decree establishing sheet B and the bequests therein contained to Norman H. Camp as a part of the will, and for that purpose only, as is stated in the brief. The original bill attacked sheet B, which was not admitted to probate, as no part of the will. The cross-bill of Norman H. Camp asserted the validity of sheet B and asked for affirmative relief in respect thereto. After the case was remanded the complainants in the original bill struck out all averments in regard to sheet B and sought to dismiss Norman H. Camp from the case.

The court overruled this application as well as a demurrer to the cross-bill, and then the complainants answered the cross-bill, denying the material averments thereof.

The principal point now made is, that as sheet B was not admitted to probate, the question whether it was really a part of the will can not be raised in the present proceeding, which was a bill under the statute to contest the validity of a probated will, and it is argued that nothing which was

not probated can be considered. This, we think, is a narrow and unsound view of the subject. The proceeding to probate a will in the County Court is *ex parte*, and corresponds to the English mode of proof "in common form."

The proceeding by bill to contest is analogous to the probate "in solemn form," as termed in the English practice—but the English probates affected only personal property, while in this State both proceedings affect real estate also.

In the proceeding by bill to contest, any heir or person interested in the estate may be complainant, and all persons interested must be made parties. The trial is *de novo*, without regard to the action of the County Court.

The proponents are required to take the affirmative, and the whole case is heard anew for the purpose of finally settling all questions as to what were the provisions of the will. In order to ascertain this with certainty, it is necessary to examine all the acts of the testator in that behalf and to consider every part of the alleged instrument, and to pass judgment in the premises regardless of the conclusion reached by the County Court.

The question is, what was the will? Rigg v. Wilton, 13 Ill. 15; Potter v. Potter, 41 Ill. 84; Wolf v. Ballinger, 62 Ill. 368; Luther v. Luther, 122 Ill. 558.

In Wolf v. Ballinger, *supra*, the testator had, among other provisions, devised to Ballinger a tract of land, the will being duly acknowledged in that condition.

Afterward he struck out the name of Ballinger and inserted that of Wolf, but did not republish the will as thus changed.

The will was probated in the altered condition, and subsequently Ballinger filed a bill to contest, averring the facts, and alleged that the instrument as probated was not the true will, but that the instrument as originally written was.

Upon a hearing relief was granted according to the prayer of the bill.

It was argued that the issue was whether the writing probated was the will or not; that the court had power to determine only whether the writing as probated was the

Shaw v. Camp.

will or not, and that it had no power to establish the instrument as originally drawn and executed without alteration, as the true will.

The Supreme Court remarked upon this point that it was an old head of chancery jurisdiction to establish the validity of wills, that the true contest was which one of two persons was the devisee, and that it would fall short of admitting a full measure of relief to declare that one was not, and leave it to be determined thereafter whether the other was a devisee, and that both parties being before the court the whole issue should be settled as between them.

This, we think, is strongly analogous, if not perfectly in point in the case at bar. Without further reference to adjudged cases it is enough to say we are thoroughly satisfied with the view adopted by the Circuit Court, and which was impliedly indorsed in our judgment when the case was formerly here.

As to whether sheet B should be regarded as a part of the will no extended discussion is necessary.

We are of opinion the finding could not have been otherwise on the evidence as it appears in the record. Very clearly it was so intended by the testator and was by him attached to the will. The fact that it was not securely attached, and that in handling the paper by the executor and another person it was detached, is unimportant.

The subsequent execution and acknowledgment of the codicil made sheet B effective as a part of the will, as we formerly held and still hold. In this view we find it unnecessary to discuss the instructions given and refused.

We are of opinion that upon the whole the plaintiffs in error have no substantial cause of complaint, and as we think the jury could not properly have found otherwise, it is not worth while to consider in detail the various objections urged in that respect.

The errors assigned will be overruled and the decree so far as questioned thereby will be affirmed.