THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee, *v.* JEROME P. DROBNICK *et al.*, Defendants-Appellants.—(THE FIRST NATIONAL BANK OF WAUKEGAN, Trustee, Defendant.)

Second District No. 76-174

Opinion filed November 21, 1977.—Rehearing denied December 29, 1977.

Mark Drobnick, of Waukegan, for appellants.

William J. Scott, Attorney General, of Chicago (Theodore Wrobleski, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

This appeal was taken from a condemnation proceeding by which the plaintiff-appellee, Department of Transportation, hereinafter referred to as the "plaintiff," took the entirety of two lots and a portion of a third. All three lots, located in an unincorporated portion of Lake County near Waukegan, Illinois, were owned by defendants-appellants, Jerome P. Drobnick, Kathleen A. Drobnick, Joseph J. Drobnick, Jr., Richard L. Drobnick, Eleanor A. Drobnick, Joseph J. Drobnick, Sr., hereinafter collectively referred to as the "defendants," and the First National Bank of Waukegan as trustee under Trust No. 616. A jury trial was held to determine the issue of just compensation. The defendants were awarded $6,500 and $4,750 for the two lots that were entirely taken and $3,850 for that portion of the third lot which was taken. The remainder of the third lot was found to have suffered no damages.

The defendants have appealed, alleging that the trial court committed reversible error by: (1) conducting two portions of the proceedings without a court reporter; (2) striking the documents offered by defense counsel as bystanders' reports; (3) refusing to permit the defendant to offer more than five comparable sales; (4) denying defendants' motion for a mistrial after an out-of-court conversation between a juror and a witness; (5) precluding a defense appraisal witness from testifying as to the reasonable probability of rezoning; and (6) permitting a map on which witnesses had marked the prices of comparables to go to the jury room. The defendants also claim that the judges of the 19th Judicial Circuit improperly sat en banc. We find the defendants' positions to be without merit and accordingly affirm the judgment of the circuit court of Lake County.

On April 15, 1975, the plaintiff filed a petition to condemn three lots owned by the defendants. The lots were known as tract 1 of parcel 7, tract 2 of parcel 7, and parcel 18. All of tracts 1 and 2 of parcel 7 were to be taken, but only a portion of parcel 18 was to be taken.

After various pretrial motions were disposed of by different judges, a trial to determine just compensation began on July 28, 1975. In the presentation of the defense case, defense counsel offered the testimony of three appraisal witnesses. Their appraisals ranged from $24,000 to $85,000 for the various lots and estimated the damage to the remainder of parcel 18 from $0.00 to $9,000. Only one of the defendants' appraisal witnesses testified that he considered the probability of rezoning in arriving at his appraisal, but defense counsel did not question that appraisal witness on the topic of the probability of rezoning.

During the course of the trial, there was a conference in the judge's chambers on comparables. This conference was not transcribed, and no objections to the lack of a court reporter were raised. After this conference, Joseph J. Drobnick, Sr., took the stand and testified as to one comparable. He also tried to testify as to two others, but the plaintiff objected on the grounds that they had not been approved by the trial court as comparables. The trial court sustained the objection. As to the one comparable Mr. Drobnick did testify to, on cross-examination he was asked if in fact it was comparable. He replied that it was not. That comparable was then stricken. The defendants did not introduce into evidence any other comparables nor did they make an offer of proof of any other comparables.

The plaintiff offered the testimony of three appraisal witnesses. They placed a value on the lots to be taken that ranged from $4,100 to $9,820. In reference to parcel 18, the values they assigned to the part to be taken ranged from $3,000 to $3,375, and all three appraisers agreed that there were no damages to the remainder. Two of the plaintiff's appraisal witnesses testified that they considered the probability of rezoning in arriving at their estimates of the worth of the properties involved. Those two appraisal witnesses were allowed to testify as to the probability of rezoning.

At the close of plaintiff's case, a conference was held outside the presence of the jury. At that time the defendants complained that they had not been permitted to introduce all their comparables. The trial court noted that the defendants were permitted to introduce evidence on six comparables, but offered evidence on only one. Again, the defendants did not offer any further comparables, nor did they attempt to make an offer of proof.

After the above conference the court was informed that there had been a discussion between a juror and a witness outside the courtroom. The court questioned the juror, who informed the court that he and the witness had had a brief, silly conversation concerning Chinese restaurants and the use of chopsticks. The juror said his conversation would not prejudice him in his consideration of the case. Thereupon the trial court denied the defendants' motion for a mistrial.

The final arguments were not recorded. However, there is no record of any objections to this failure. The jury returned a verdict that found just compensation to be $4,750 for tract 1 of parcel 7, $6,500 for tract 2 of parcel 7, and $3,850 for that portion of parcel 18 which was taken, with no damages to the remainder.

On August 13, 1975, Judge Harry Strouse granted plaintiff leave to file with the court the proposed final judgment order and to fix a date for a hearing to be held before Judge John Hughes, who had presided at the

trial. Judge Hughes entered the final judgment order on August 25, 1975.

In the interval between the rendering of the verdict and the entry of the final judgment order, the defendants filed with the clerk two documents entitled "Mark's Report of the Proceedings" and "Mark's Additional Report of the Proceedings." Evidently these documents were intended to be bystander's reports of those portions of the proceedings that took place outside the presence of a court reporter. On plaintiff's motion, these documents were stricken from the record.

After their post-trial motions were denied, the defendants filed their appeal on December 31, 1975.

We deal first with the defendants' assertion that the trial court committed reversible error by conducting the conference on comparables and the final arguments without a court reporter.

■■■ We find the defendant's contention to be totally without merit. It was as much the defendants' responsibility as it was the plaintiff's to see that the trial proceedings were properly recorded. (*Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 342 N.E.2d 748.) The defendants did not record an objection to the lack of a court reporter at the conference on comparables or the final arguments although they had ample opportunity to do so. The defendants' failure to make such an objection precludes them from raising the issue on appeal. *People v. Smith* (1969), 42 Ill. 2d 479, 248 N.E.2d 68.

■■ In their reply brief, the defendants present the far-fetched argument that because some Federal money was involved in the project for which the property was taken, the Federal Court Reporter statute (28 U.S.C.A. §753(c) (1968)) must be applied. Assuming arguendo that 28 U.S.C.A. §753(c) did apply, the defendants' position is still without merit. That section does not require out-of-court conferences or the opening or closing arguments to be transcribed unless one party so requests. (*United States v. Jenkins* (5th Cir. 1971), 442 F.2d 429; *Dirring v. United States* (1st Cir. 1965), 353 F.2d 519.) The defendants made no such request.

The defendants' second contention is that the trial court was in error when it struck the documents entitled "Mark's Report of the Proceedings" and "Mark's Additional Report of the Proceedings." We do not agree.

■■ The documents were apparently submitted as bystander's reports of the proceedings not transcribed by a court reporter. To be accepted as bystander's reports, the documents had to comply with Supreme Court Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)). (*Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 329 N.E.2d 550.) The documents in question did not so comply. First, the rule provides that bystander's reports must be submitted to the court and that opposing counsel must be given the opportunity to offer amendments and corrections. The defendants apparently attempted to bypass this procedure by filing the

documents directly with the clerk of the court. Secondly, the documents were filed in an untimely manner. Supreme Court Rule 323(c) requires bystander's reports to be filed within 14 days following the filing of the appeal. In the case at hand, the documents were filed before the final judgment was entered and prior to the appeal. Hence, the trial court properly struck the documents. Furthermore, the defendants were not prejudiced by the trial court's ruling, for had they desired to make the documents part of the record, they could have submitted them in accordance with Supreme Court Rule 323(c) once they had filed their appeal.

Thirdly, the defendants contend the trial court committed reversible error when it prevented the defendants from offering more than five comparables. The sole support for this assertion is found in the document entitled "Mark's Report of the Proceedings." As we have previously noted, that document was properly stricken from the record by the trial court and therefore we may not consider it. (*Hoffman v. Wilson* (1965), 60 Ill. App. 2d 396, 208 N.E.2d 607.) The defendants have attempted to alter the record by asserting improper material in it. There would be no protection of the accuracy of the record if it could be altered with such relative ease. (*Department of Public Works & Buildings v. Jensen* (1973), 11 Ill. App. 3d 93, 296 N.E.2d 52.) We shall not tolerate such attempts to alter the record. Accordingly, we reject the defendants' third contention.

The defendants' fourth contention is that the trial court committed reversible error when it denied the defendants' motion for a mistrial after being informed that there had been an out-of-court conversation between a witness and a juror. We must disagree.

■■ Upon learning of the out-of-court conversation between the witness and the juror, the trial court immediately investigated the matter. The trial court's investigation revealed that the conversation between the witness and the juror concerned Chinese restaurants and the use of chopsticks. When asked if he would be prejudiced by the conversation, the juror informed the court he would not be prejudiced. It was only after this investigation that the trial court denied the defendants' motion for a mistrial. A mere showing of conduct or communication between a juror and a witness is not sufficient to mandate a mistrial. Prejudice must be shown. (*Bevelot v. Lestrade* (1894), 153 Ill. 625, 38 N.E. 1056; *Brayfield v. Johnson* (1965), 62 Ill. App. 2d 59, 210 N.E.2d 28.) The trial court acted quickly and properly to determine if there had been any prejudice. Finding none, the trial court properly denied the defendants' motion for a mistrial.

Fifthly, the defendants contend the trial court committed reversible error when it refused to permit one of their appraisal witnesses to testify on the probability of rezoning.

■■ The probability of rezoning is only relevant when an appraisal witness includes it as one of the factors he considers in arriving at his appraisal of the property. (*Department of Conservation v. First National Bank* (1976), 36 Ill. App. 3d 495, 344 N.E.2d 11.) That witness did not testify that he considered the probability of rezoning in arriving at his appraisal of the property. Accordingly, the trial court properly prevented him from testifying on the topic.

■■ The sixth contention of the defendants is that the trial court committed reversible error by permitting a tax map on which plaintiff's witnesses had marked the prices of comparables to go to the jury room. There is no evidence that the map or the markings were in any way inaccurate, nor do the defendants so allege. The map appears to have been both material and relevant, and as such, its admission was a matter within the sound discretion of the trial court. (*Department of Public Works v. Chicago Title & Trust Co.* (1950), 408 Ill. 41, 95 N.E.2d 903, *cert. denied* (1951), 341 U.S. 931, 95 L. Ed. 1360, 71 S. Ct. 804.) Whether or not such an exhibit goes to the jury room is also within the sound discretion of the trial court. (*People v. Allen* (1959), 17 Ill. 2d 55, 160 N.E.2d 818.) There is nothing in the record to indicate that the trial court abused its discretion, and, accordingly, there was no error in permitting the exhibit to go to the jury room.

■■■ As their seventh contention, the defendants make the unique assertion that the judges of the 19th Judicial Circuit sat en banc on this case because various judges heard various pretrial motions. This argument is specious. A court sits en banc when all of its members sit to hear arguments on a given matter. Such did not occur in the case at hand. Furthermore, the practice of the 19th Judicial Circuit of allowing different judges to hear various pretrial motions is entirely proper.

■■ Finally, the defendants have attempted to raise a new argument in their reply brief. This is in direct contradiction of Supreme Court Rule 341(g) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(g)). The plaintiff has moved that this new argument be stricken. By failing to raise the argument in their appellants' brief, the defendants are deemed to have waived the issue. (*Molnar v. City of Aurora* (1976), 38 Ill. App. 3d 580, 348 N.E.2d 262.) Accordingly, the plaintiff's motion to strike the new argument is granted and this court will discuss the matter no further.

Having found the defendants' contentions to be totally without merit, we affirm the judgment of the circuit court of Lake County.

Judgment affirmed.

WOODWARD and GUILD, JJ., concur.