110 Ill. App.3d 184 (1982)
441 N.E.2d 1209
RICHARD PARKS et al., Plaintiffs-Appellees,
v.
THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Defendant-Appellant.
No. 81-3084.
Illinois Appellate Court  First District (1st Division).
Opinion filed October 18, 1982.
Tyrone C. Fahner, Attorney General, of Springfield (Georgene M. Wilson, Assistant Attorney General, of counsel), for appellant.
*185 Mandel Legal Aid Clinic, of Chicago (Mark C. Weber, of counsel), for appellees.
Judgment affirmed.
JUSTICE GOLDBERG delivered the opinion of the court:
Richard and Marilyn Parks, parents, and Lester Parks, their son, by his next friend Richard Parks (plaintiffs), filed this action seeking judicial review of an administrative decision rendered by the Illinois Department of Mental Health (defendant). (Ill. Rev. Stat. 1981, ch. 110, par. 264 et seq.) Defendant had ruled that the assessment of a responsible relative liability charge against plaintiffs for the care of Lester Parks, a handicapped child diagnosed as autistic, was mandated by section 5-105 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1979, ch. 91 1/2, par. 1-100 et seq.) (hereinafter Code). The trial court found this decision was in violation of the Education for All Handicapped Children Act of 1975 (20 U.S.C. sec. 1401 et seq. (1976)) (hereinafter EAHC). Defendant appeals. The facts are not in dispute. Plaintiff Lester Parks, now approximately 17 years old, is a multihandicapped child. In 1975 it was determined he required residential placement. On February 16, 1976, defendant placed Lester at the New Hope Living and Learning Center in Waterloo, Illinois. The propriety of this placement is not questioned.
On August 1, 1979, defendant notified Richard and Marilyn Parks that, effective July 1, 1979, a responsible relative liability charge of $100 per month would be assessed against them. (Ill. Rev. Stat. 1979, ch. 91 1/2, par. 5-105.) Plaintiffs appealed from this assessment. After a hearing, the assessment was affirmed. On further appeal to the State of Illinois Board of Reimbursement Appeals, the assessment was again affirmed.
On administrative review, the trial court ruled the assessment of liability against the parents of a handicapped child for the cost of a residential placement that is necessary to meet the child's educational needs is a violation of section 612 of the EAHC (20 U.S.C. sec. 1412 (1976)) and regulations thereunder (45 C.F.R. secs. 121a.2, 121a.301(a), and 121a.302 (1980)). The trial court ruled the State must pay for all placements educationally necessary and must bear all costs incurred therein under the above cited authorities. The trial court further ruled, since defendant must bear these costs, it was unnecessary to remand the case for a determination of which costs of the placement are "educational."
In this court, defendant contends it is not precluded from charging parents of a handicapped child a responsible relative liability pursuant to section 5-105 of the Code (Ill. Rev. Stat. 1979, ch. 91 1/2, *186 par. 5-105). Defendant also contends the trial court went beyond the scope of judicial review when it found all costs associated with the child were for educational purposes.
In our opinion, the ruling by the trial court is completely supported by Federal law. It is undisputed Lester Parks is a handicapped child and Federal law requires maintenance by the State of "a policy that assures all handicapped children the right to a free appropriate public education" (20 U.S.C. sec. 1412(1) (1976)). Such education is to include both "special education" and "related services" (20 U.S.C. sec. 1401(18) (1976)). The EAHC defines "special education" to be (20 U.S.C. sec. 1401(16) (1976)):
"specially designed instruction, at no cost to parents or guardians, to meet the unique needs of a handicapped child, including classroom instruction, instruction in physical education, home instruction, and instruction in hospitals and institutions."
The EAHC defines "related services" to include (20 U.S.C. sec. 1401(17) (1976)):
"transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, recreation, and medical and counseling services, except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a handicapped child to benefit from special education, and includes the early identification and assessment of handicapping conditions in children."
With respect to residential placement of a handicapped child, the regulations promulgated to enforce the EAHC provide (45 C.F.R. sec. 121a.302 (1980)):
"If placement in a public or private residential program is necessary to provide special education and related services to a handicapped child, the program, including non-medical care and room and board, must be at no cost to the parents of the child.

Comment. This requirement applies to placements which are made by public agencies for educational purposes, and includes placements in State-operated schools for the handicapped, such as a State school for the deaf or blind."
Defendant contends these statutes and regulations should not prevent the State of Illinois from assessing responsible relative liability charges pursuant to section 5-105 of the Code (Ill. Rev. Stat. 1979, ch. 91 1/2, par. 5-105). We disagree. In our opinion, the regulations cited above unequivocally establish residential placement for the purpose of special education and also all related services are to be provided *187 free from cost to the parents. The above excerpts from the Code and the regulations illustrate graphically the strong insistence by Federal law in the requirement that all expenditures of every kind for the education and welfare of the child are to be borne not by the parents but by the educational authorities of the State.
 1 Under the doctrine of preemption as derived from the United States Constitution (U.S. Const., art. VI), a State law in conflict with Federal statutes and regulations "is nullified to the extent that it actually conflicts with federal law." (Fidelity Federal Savings & Loan Association v. de la Cuesta (1982), 458 U.S. 141, 153, 73 L.Ed.2d 664, 675, 102 S.Ct. 3014, 3022. See also Olsen v. Financial Federal Savings & Loan Association (1982), 105 Ill. App.3d 364, 366-67, 434 N.E.2d 406, and cases there cited.) Thus, the imposition of the responsible relative liability charge by defendant cannot stand in view of the express language of the Federal statutes and regulations.
Our view is supported by the recent ruling in Parks v. Pavkovic (N.D. Ill. 1982), 536 F. Supp. 296. In Parks, the same plaintiffs as in the instant case filed suit to enjoin the instant defendant and other State agencies from discharging plaintiff Lester Parks from a residential facility because of the failure of his parents to pay the responsible relative liability charges for 1980 and 1981. In granting the plaintiffs' request for a preliminary injunction, the district court addressed the question of whether these costs may be imposed upon the plaintiffs. The court stated (536 F. Supp. 296, 304):
"There is no dispute that the outstanding bill for services provided to Lester * * * involves the provision of special education and related services. There is also no dispute that placement * * * was necessary * * * in order to provide Lester with special education and related services. This being the case, the unambiguous mandate of federal law is that these services be provided at no cost to Lester's parents. While defendants' refusal to meet fully Lester's expenses may be authorized by state law, such laws are inconsistent with the mandate to provide an appropriate free public education, and cannot stand. [Citations.]"
In adopting the reasoning of the district court, we are mindful the analysis was limited to the probability of the plaintiffs' eventual success on the merits and therefore does not have the res judicata effect of a final order. However, the reasoning and the authorities cited therein are so persuasive we find no difficulty in relying upon the pertinent and well stated opinion of the district court. Parks v. Pavkovic (N.D. Ill. 1982), 536 F. Supp. 296, 304-05.
*188 Defendant contends it does not have the authority to provide the relief sought by plaintiffs. Defendant argues only the Illinois State Board of Education (ISBE) is authorized to educate handicapped children. Defendant refers to 20 U.S.C. sec. 1412(6) (1976), which states the requirements of the Act are to be administered by the "state educational agency." Therefore, urges defendant, plaintiffs must obtain their relief exclusively from the ISBE.
 2 We cannot agree. The regulations state the EAHC extends (34 C.F.R. sec. 300.2(b) (1981)):
"* * * to all political subdivisions of the State that are involved in the education of handicapped children. These would include:
(1) The State educational agency,
(2) local educational agencies and intermediate educational units,
(3) other State agencies and schools (such as Departments of Mental Health and Welfare and State schools for the deaf or blind), and
(4) State correctional facilities." (Emphasis added.)
We believe it cannot be seriously asserted defendant is not "involved in the education of handicapped children" in view of the facts of this case and the Parks decision in the district court. We are therefore impelled to conclude the EAHC is binding on defendant as it is upon all other educational agencies of Illinois. In Parks v. Pavkovic (N.D. Ill. 1982), 536 F. Supp. 296, 304, the court held:
"Under the EHA, while the ultimate responsibility for assuring compliance with federal law rests with ISBE, see 34 C.F.R. § 300.600 (1981), the Act's requirements also apply to all other state and local departments involved with the education of handicapped children. [34 C.F.R. § 300.2(b) (1981).]"
 3 The original brief filed by defendant stated that the hearing officer pointed out that the ISBE is responsible for the administration of EAHC. The brief then quoted from the EAHC to the effect that the ISBE was responsible for carrying out the Federal programs. (20 U.S.C. sec. 1412 (1976).) However, defendant's reply brief contains an elaborate argument to the effect that the ISBE is a necessary party to these proceedings. We reject this contention.
The original brief did not pursue and advance this theory with citation of authorities. Therefore, it has been waived. (Saldana v. Wirtz Cartage Co. (1978), 74 Ill.2d 379, 386, 385 N.E.2d 664.) The applicable rules provide that the reply brief is to be "confined strictly to replying to arguments presented in the brief of the appellee * * *." (73 Ill.2d R. 341(g).) We conclude that the matter has been waived and *189 was improperly raised in defendant's reply brief. Department of Transportation v. Drobnick (1977), 54 Ill. App.3d 987, 993, 370 N.E.2d 242, appeal denied (1978), 71 Ill.2d 597.
In addition, on the merits of the situation, plaintiffs did not commence this litigation. The defendant made demand upon plaintiffs for payment of money and brought plaintiffs into a proceeding conducted by defendant in an effort to collect certain assessments. Plaintiffs were then obliged to proceed with administrative review. The necessary party argument has no place in this record.
We believe our ruling here to be in accordance with our decision in In re Special Education Placement of Steven Walker (1982), 107 Ill. App.3d 1053, 438 N.E.2d 582. There, a disagreement arose between the parent of a handicapped child and the local school district concerning the educational placement of the child. While awaiting a hearing on this issue, the parent placed the child in a private special educational facility. A subsequent hearing which resulted in a recommendation of residential placement was overruled by the Illinois Office of Education (IOE). The parent brought an action in administrative review. The trial court reversed the administrative decision and found the IOE liable for payment of all costs of the child's placement. On appeal, we affirmed. We specifically rejected the IOE's contention that Steven Walker received "only mainstream instruction" and not "special education" and "related services" at the institution. Based on the record before us, we concluded the services provided Steven Walker fell into the categories of "special education" and "related services" and must therefore be provided for him at no cost to his family. 107 Ill. App.3d 1053, 1060-61.
Defendant's second and final contention is that the trial court went beyond the scope of administrative review in its holdings. Defendant urges the court found all costs of Lester Parks' care were related to his education whereas no evidence as to this point was heard before the administrative body. Therefore, defendant requests the case be remanded to a hearing officer so this question may be properly determined.
 4 We do not agree. The trial court below did not find as a factual issue all costs for Lester Parks' care were related to his education. Rather, the trial court concluded as a matter of law that where residential placement was necessary for the education of the handicapped child, it was a violation of Federal law as set forth in EAHC and of its attendant regulations to assess the responsible relative liability charge against the parents. The trial court further held Federal law required defendant to pay the costs of "all placements that are *190 educationally necessary, not only those placements that are `solely for educational purpose.'" The trial court also found defendant erred as a matter of law in finding only the ISBE to be bound by the Federal statutes and regulations. These rulings by the trial court are all legal matters upon which the trial court properly ruled. Actually, the only question of fact before the trial court was the propriety of Lester Parks' residential placement, which was never questioned by either party. This situation contrasts with the Steven Walker case, where the type of educational services provided was an issue. Therefore, in the instant case, the trial court did not exceed its scope of review. Actually, the trial court determined only issues of law in complete accordance with the pertinent statute (Ill. Rev. Stat. 1981, ch. 110, par. 274), and with the decided cases. Caterpiller Tractor Co. v. Department of Revenue (1963), 29 Ill.2d 564, 566, 194 N.E.2d 257, as cited in Cook County Masonic Temple Association v. Department of Revenue (1982), 104 Ill. App.3d 658, 660, 432 N.E.2d 1240.
The judgment appealed from is accordingly affirmed.
Judgment affirmed.
CAMPBELL, P.J., and McGLOON, J., concur.