PAUL SCHWARTZKOPF, Plaintiff, v. NATIONAL RAILROAD PASSEN-
GER CORPORATION *et al.*, Defendants and Third–Party Plaintiffs-Appel-
lants (McGinnis Welding & Fabricating, Inc., Third–Party Defendant-Appel-
lee and Third-Party Plaintiff; Ralph Hale, Third-Party Defendant).

First District (1st Division)   No. 86—2965

Opinion filed September 26, 1988.—Rehearing denied February 2, 1989.

Lord, Bissell & Brook, of Chicago (Richard F. Johnson, Hugh C. Griffin, and Diane I. Jennings, of counsel), for appellants.

Baker & McKenzie (Francis D. Morrissey, Paul B. O'Flaherty, Jr., and Luke L. Dauchot, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Third-party plaintiffs National Railroad Passenger Corporation (Amtrak) and William Jackson challenge, in this appeal, the trial court's dismissal of their third-party action for contractual indemnity and breach of contract against McGinnis Welding & Fabricating, Inc. (McGinnis). We disagree with the trial court and, therefore, reverse the judgment entered by it.

In 1978, Amtrak and McGinnis entered into a contract, the terms of which required McGinnis to fabricate and install a compressor belt guard for an air compressor. The site for the performance of this was a railroad yard in Chicago. While working on this job, Paul Schwartzkopf, an employee of McGinnis, was injured when he was struck by a forklift operated by an employee of Amtrak. He filed a personal injury action against Amtrak and the employee, William Jackson.

Amtrak and William Jackson subsequently filed a two-count third-party action against McGinnis. Count I sought indemnity in accordance with the indemnity provision contained in the contract. Count II alleged breach of contract for McGinnis' failure to purchase insurance pursuant to the terms of the contract. McGinnis filed a motion to dismiss the third-party complaint, asserting that the indemnity and insurance provisions contained in the contract were void as against the public policy of Illinois and were, therefore, unenforceable. The trial court ultimately dismissed both counts of the third-party complaint and this appeal follows.

The main issue to be determined in this appeal is whether Illinois or District of Columbia law is applicable to the contract. The contract in question contains a provision which states, "The Contract shall be governed by the law of the District of Columbia." This provision comports to Title 45 §546(d), which mandates that all leases and contracts entered into by Amtrak, regardless of the place where they may be executed, shall be governed by the law of the District of Columbia. (45 U.S.C. §546(d) (1982).) McGinnis contends that this provision is simply a choice of law clause and that traditional conflict of law analysis should be applied. Under such an analysis, the strong Illinois public policy against indemnity agreements of the type contained in the contract outweighs the parties' choice of law and Illinois law should be

applied. Amtrak maintains, on the other hand, that since Federal statute requires that District of Columbia law be applied, Illinois law is preempted in this area.

■ ■ Under the doctrine of preemption as derived from the supremacy clause of the United States Constitution (U.S. Const., art. VI, §2), when a State law is in conflict with Federal statutes, the State law "is nullified to the extent that it actually conflicts with federal law." (*Fidelity Federal Savings & Loan Association v. de la Cuesta* (1982), 458 U.S. 141, 153, 73 L. Ed. 2d 664, 675, 102 S. Ct. 3014, 3022; *Parks v. Department of Mental Health & Developmental Disabilities* (1982), 110 Ill. App. 3d 184, 187, 441 N.E.2d 1209.) The key inquiry in all preemption cases is the objective or purpose of Congress in enacting the particular statute and requires an examination of the Federal statute in question to determine whether Congress intended it to supplant State laws on the same subject. (*Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 438, 493 N.E.2d 1045.) Congressional intent to preempt State law may be evidenced in several ways. First, Congress may expressly state that Federal authority over a particular subject is exclusive; second, Federal preemption may be inferred from the language or the legislative history of the statute, or the objects of the Federal regulatory scheme; or third, where compliance with both is a physical impossibility, Federal law will prevail. (*People v. Kerr-McGee Chemical Corp.* (7th Cir. 1982), 677 F.2d 571.) Whenever State action stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress, preemption is mandated. *Olsen v. Financial Federal Savings & Loan Association* (1982), 105 Ill. App. 3d 364, 366-67, 434 N.E.2d 406.

■ ■ The case before us presents an interesting situation in that Amtrak is seeking to preempt Illinois law and to apply the substantive law of the District of Columbia. However, we do not view this to be simply a conflict between the laws of two cosovereigns as urged by McGinnis. Rather, we view this as a conflict between Illinois law, which, for public policy reasons, requires that Illinois law be applied to the contract, and Federal law, which mandates that the contract be governed by the District of Columbia law. An apparent object of the Federal regulatory scheme is to create uniformity with respect to Amtrak's rights and obligations under its contracts and leases. In light of the conflicts between the laws and policies of the several States, this could only be accomplished through the uniform application of the law of a particular jurisdiction. We find that the language of the Act evidences a clear intent on the part of Congress to preempt State law in this area and hold that the law of the District of Columbia should be

applied to the contract (see *Horn & Hardart Co. v. National R.R. Passenger Corp.* (D.C. Cir. 1986), 793 F.2d 356; *Atchison, Topeka & Santa Fe Ry. Co. v. National R.R. Passenger Corp.* (7th Cir. 1983), 723 F.2d 1298; *Foster v. National R.R. Passenger Corp.* (D.D.C. 1985), 610 F. Supp. 881), even though certain provisions may be violative of the public policy of Illinois. Accord *Mead v. National R.R. Passenger Corp.* (D. Md. 1987), 676 F. Supp. 92.[1]

Accordingly, the judgment of the trial court is reversed and this matter is remanded with instructions to reinstate the case.

Judgment reversed and remanded, with directions.

CAMPBELL, P.J., and BUCKLEY, J., concur.

---

[1]The State of Maryland, for public policy reasons, prohibits contractual agreements in construction contracts which purport to indemnify the indemnitee for his sole negligence. (See Md. Cts. & Jud. Proc. Code Ann. §5—305 (1984).) In *Mead*, the third-party defendant, Holland Company, had entered into a contract with Amtrak containing an indemnity provision similar to the one in the present case. The plaintiff, an employee of Amtrak, was injured on the work site in Maryland and filed suit against Amtrak. The jury found Amtrak liable and awarded damages to the plaintiff. Amtrak subsequently sought indemnity from Holland pursuant to the indemnity provision of the contract. Holland argued that it was not liable to Amtrak since Amtrak's negligence caused the accident. The court held that pursuant to 45 U.S.C. §546(d) (1982) the contract was governed by the law of the District of Columbia and entered judgment in favor of Amtrak.